# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Santos Bruno Vega  :
48 Walker Drive, Apt. 201  :
Warrenton, VA 20186  :
 :
    Plaintiff,  :    Civil Action No.
 :
v.  :
 :
El Agave 1, Inc.  :
d/b/a El Agave Restaurant  :
251 W. Lee Highway, #640  :
Warrenton, VA 20186  :
 :
    Serve Registered Agent:  :
    Alfredo Villasenor  :
    251 W. Lee Highway, #640  :
    Warrenton, VA 20186  :
 :
El Agave, LLC  :
d/b/a El Agave Restaurant  :
395 Greenbrier Drive  :
Charlottesville, VA 22901  :
 :
    Serve Registered Agent:  :
    John A Dezio  :
    1330 Hilltop Road  :
    Charlottesville, VA 22901  :
 :
Alfredo Villasenor  :
251 W. Lee Highway, #640  :
Warrenton, VA 20186  :
 :
    and  :
 :
John A Dezio  :
1330 Hilltop Road  :
Charlottesville, VA 22901  :
 :
Defendants.  :

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5195679_1

## COMPLAINT

Plaintiff, Jose Joaquin Vega ("Plaintiff"), by and through his attorneys, Mary J. Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against El Agave 1, Inc. d/b/a El Agave Restaurant, El Agave, LLC d/b/a El Agave Restaurant, Restaurant, Alfredo Villasenor, and John A Dezio (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), stating as follows:

## INTRODUCTION

Plaintiff worked fifty-five hours per week for Defendants as a waiter. He was not paid at all other than tips and was not compensated for the overtime hours he worked each week. Defendants have willfully violated the clear and well-established minimum wage and overtime provisions of the FLSA. Plaintiff seeks compensatory and statutory damages for all unpaid compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Virginia.

4. Defendant El Agave 1, Inc., El Agave, LLC are Virginia corporate entities operating locations of the restaurant El Agave Restaurant ("El Agave").

5. Alfredo Villasenor and John A Dezio (the "Individual Defendants") are the principals of El Agave.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5195679_1

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Defendants have at least two or more employees who are engaged in interstate commerce and/or handle, sell, or otherwise work on goods or materials that have been moved or produced for commerce. Defendants also process credit card transactions for customer payments and purchase equipment and inventory that move in interstate commerce.

8. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

9. The Individual Defendants controlled the day to day operations of the business.

10. The Individual Defendants had the power to hire, fire, suspend, and discipline Plaintiff.

11. The Individual Defendants supervised Plaintiff directly or indirectly.

12. The Individual Defendants directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

13. The Individual Defendants directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

14. Federal courts have made clear that individual employers are liable under FLSA, if the employer met the economic reality test for "control." *Chao v. Mid-Atlantic Installation Services, Inc.*, 16 Fed Appx. 104 (2001).

15. The Individual Defendants would be considered employers for purposes of individual liability because of their intrinsic involvement in the business.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## FACTS

16. Plaintiff was employed by Defendants as a cook starting on or about March 3, 2013 through March 6, 2016 (the "Employment Period").

17. Plaintiff was not paid a salary during the Employment Period but earned only tips.

18. Plaintiff worked an average of fifty-five hours per week throughout the Employment Period.

19. Plaintiff was not paid one and a half times his regular hourly rate for hours worked in excess of forty per week.

20. Defendants unlawfully deducted from his tips 3% of the food sales Plaintiff's tables earned each night.

21. Plaintiff is owed approximately $88,600.00.

22. Plaintiff is owed wages that Defendants willfully failed and refused to pay to Plaintiff in violation of Maryland and federal law.

23. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked.

24. The precise number of hours worked, and wages owed, should be revealed through discovery.

25. Defendants knowingly and intentionally violated Plaintiff's rights under Maryland and federal law.

## COUNT I
## (FLSA)

26. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

27. At all times relevant hereto, each Defendant was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

28. Defendants were engaged in "interstate commerce" within the meaning of the FLSA.

29. Plaintiff was an "employee" within the meaning of the FLSA.

30. Defendants were required to pay Plaintiff minimum wage and overtime pay at the rate of one and a half times his normal hourly wage for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

31. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times the minimum hourly wage for all hours worked in excess of forty hours per week.

32. Defendants' actions complained of herein constitute a willful violation of Sections 206 and 207 of the FLSA.

33. Defendants' violation make them liable to Plaintiff for all unpaid wages and overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in his favor in an amount to be determined at trial, but not less than $177,668.76, which is two times the total wages and overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: <u>      */s/*                         </u>
Mary J. Craine Lombardo (77768)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

6

5195679_1